[No. 6999.   Decided October 28, 1907.]

THE STATE OF WASHINGTON, *Appellant*, v. CHEHALIS
FURNITURE & MANUFACTURING COMPANY *et al.*,
*Respondents.*[1]

MASTER AND SERVANT—PAYMENT OF WAGES—STATUTORY REGULA-
TION.   Laws 1905, p. 219, making it unlawful to issue orders or
checks in payment of wages unless redeemable at face value, "with-
out discount, in cash or on demand," and providing that when an
employee shall cease to work, he shall be "forthwith paid in cash or
by order redeemable in cash at its face value on presentation," is
not violated by the issuance of a due bill dated March 16, 1907, re-
citing "Due G. G. Pickett or order on 4-15-1907 (meaning April 15,
1907), eight dollars for wages," and by refusal to pay the same on
demand, where it does not appear that the laborer had ceased to
work; since the first part of the statute is complied with by issu-
ance of the order payable in cash, and the last part requires pay-
ment on demand only when the laborer has ceased to work.

Appeal from a judgment of the superior court for Lewis
county, Rice, J., entered May 4, 1907, in favor of the de-
fendant, upon sustaining a demurrer to the information, dis-
missing a prosecution for the violation of the statute relating
to the payment of wages.   Affirmed.

*Maurice A. Langhorne* (*A. J. Falknor*, of counsel), for
appellant.

*Millett & Harmon*, for respondents.

DUNBAR, J.—The defendants in this action were informed
against for a misdemeanor.   The information, omitting the
formal part thereof, was as follows:

"That the above named Chehalis Furniture & Manufactur-
ing Company, a corporation, duly organized and existing
under and by virtue of the laws of the state of Washington,
having its principal place of business at Chehalis, Lewis
county, Washington, and H. B. Coffman, secretary and man-

[1]Reported on 92 Pac. 277.

ager of said corporation, being engaged in the manufacture of furniture and other articles of a like kind and employing labor therein to assist in the manufacture of furniture and other articles, did commit the crime of issuing for payment of wages, a check for labor employed in said manufacturing company's factory, which check was not negotiable and redeemable at its face value without discount in cash or on demand at the place of business of such corporation and individuals as follows, to wit: that the said Chehalis Furniture & Manufacturing Company, a corporation, and H. B. Coffman, then and there at Chehalis, Lewis county, Washington, being engaged in the manufacture of furniture and other articles, and then and there having in their employ as a laborer for wages one G. G. Pickett, did on the 3d day of March, 1907, issue to him, the said G. G. Pickett, in payment of his wages for labor performed in said manufacturing establishment, a check in the following words and figures, to-wit:

"Chehalis Furniture & Mfg. Co.; Chehalis, Wash., 3-16, 1907.  No. 3158.
"Due                    $8.00
"G. G. Pickett or order on 4-15, 1907 (meaning April 15, 1907),
"Eight Dollars for wages from Mch. 190.. to ...... 190..
                  "Chehalis Furniture & Mfg. Co.,
                     "(Signed) H. B. Coffman, Secretary.
  "Endorsed:  G. G. Pickett, W. E. Bartel, Fred Cain."
"That said check was endorsed by said G. G. Pickett to W. E. Bartel, who in turn endorsed the same to Fred Cain; that said check was thereafter, on the 29th day of March, 1907, duly presented to the said Chehalis Furniture & Manufacturing Company, a corporation as aforesaid, and H. B. Coffman, secretary and manager of such corporation, for payment, at the place of business of such corporation and individual at Chehalis, Lewis county, Washington, and payment thereof was by said parties wrongfully and unlawfully refused on the ground that said check was not due until April 15, 1907; and that presentment was also made of said check at said time to Coffman, Dobson & Co., Bankers, at Chehalis, Lewis county, Washington, the bankers of said parties, and payment of said check at said time by said bank was also unlawfully and wrongfully refused unless the payee thereof would accept the

amount of said order with discount, contrary to the form of the statute in .such cases made and provided and against the peace and dignity of the state of Washington."

The information was demurred to on the ground, among others, that it did not state facts sufficient to constitute a cause of action. This demurrer was sustained by the court, and the state appeals.

With the view we take of this proposition, it is not necessary to notice the other grounds of demurrer. The statute upon which the information was based is chapter 112 of the Laws of 1905, page 219, which is as follows:

"Section one of 'An act to provide for the payment of wages of labor in lawful money of the United States and to punish violations of the same,' approved February 2, 1888, is hereby amended to read as follows: Section 1. That it shall not be lawful for any corporation, person or firm engaged in manufacturing of any kind in this state, mining, railroading, constructing railroads, or any business or enterprise of whatsoever kind in this state, to issue, pay out or circulate for payment of wages of any labor, any order, check, memorandum, token or evidence of indebtedness, payable in whole or in part otherwise than in lawful money of the United States, unless the same is negotiable and redeemable at its face value, without discount, in cash or on demand, at the store or other place of business of such firm, person, or corporation when the same is issued, and the person who, or company which may issue any such order, check, memorandum, token or other evidence of indebtedness shall upon presentation and demand redeem the same in lawful money of the United States. And when any laborer performing work or labor as above shall cease to work whether by discharge or by voluntary withdrawal the wages due shall be forthwith paid either in cash or by order redeemable in cash at its face value on presentment at bank, store, commissary, or other place in the county where the labor was performed: *Provided,* Such order may be given payable in another county when the place of employment is more convenient of access to the employee."

It will be seen that the first part of this section was not violated if the statement of the information is true, for the rea-

son that the check given was to be paid in lawful money of the United States, and it was negotiable and redeemable at its face value without discount in cash. The evident intention of the legislature in passing this law was to prohibit the pernicious habit which had theretofore frequently been indulged in by factories of different kinds of paying the laborers in checks which were only redeemable in goods which were to be furnished by the company stores. To this check, as we have seen, this objection could not be raised. The second or concluding proposition in the statute is to the effect that when a laborer shall cease to work whether by discharge or voluntarily, he shall be entitled at once to receive the value of the services which have been performed, and shall not be compelled to await the process which it is convenient for corporations sometimes to adopt in the payment of wages to their employees. The object of this statute was to protect the laborer from the necessity of remaining around in the neighborhood where he had been employed, and waiting on expense the payment of wages which he had already earned. But the information does not bring the case within this view of the law, for it is not alleged that the laborer Pickett had ceased to work at the factory, either by being discharged or by voluntarily stopping work, or at all. Hence, there was no violation of the statute in this regard.

The honorable judge of the superior court did not commit error in sustaining the demurrer to the information, and the judgment is therefore affirmed.

HADLEY, C. J., ROOT, MOUNT, CROW, RUDKIN, and FULLERTON, JJ., concur.